# DAVIS VS. CALVERT.

Before the owner of an animal posted as an estray, can maintain replevin therefor, he must appear within the time prescribed, prove his claim to the property before a justice, and pay or tender to the person posting, the cost thereof. *Phelen vs. Bonham,* 4 *Eng.* 389.

A plea, to an action of replevin for an animal, that the defendant took it up as an estray, and regularly posted it as such, as required by law, and that the plaintiff did not prove property in said estray, and pay or tender the necessary fees as required by law, is sufficient, without setting forth a compliance in detail, with all the steps required by the statute in posting a stray animal.

A plea in bar is sufficiently certain, if it sets forth the subject matter of the defence relied upon, so that it may be fully understood by the adverse party, the counsel, the jury, and the court.

A plea setting up a defence under a public and general law, need not recite the provisions of the statute, if the allegations are sufficient to advise the plaintiff of the grounds and nature of the defence, and tender matter responsive to the declaration and susceptible of an issue.

The plea of *non detinet* is inappropriate in an action of replevin in the *cepit;* and, upon motion, should be stricken out.

Where the defendant pleads the general issue; and, also, interposes a special plea, amounting to no more than the general issue, or setting up matter that might be given in evidence under some other plea interposed, the proper mode of raising the objection to the pleading is not by demurrer, but by application to the court to compel him to elect upon which plea he will rely.

*Writ of Error to the Circuit Court of Phillips County.*

Hon. CHARLES W. ADAMS, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiff. The plea is not objectionable, because it amounted to the general issue ; or because the matter relied on, could have been given in evidence under the general issue. In detinue, at the common law, to which our

statutory remedy of replevin in the detinet is analogous, a lien must always have been pleaded specially. 1 *Ch. Pl.* 488 ; 4 *Bing.* 106 ; 1 *Dana* 578, as to special property in a sheriff, 1 *Ch. Pl.* 124.

The plea was sufficiently certain, as it fully apprised the plaintiff that the defendant claimed the right to hold the property because he had a lien upon it, and of the nature of that lien ; and the plaintiff might well have so replied as to form an issue as to the fact, whether the animal was legally posted as an estray, or whether he had not paid or tendered, upon proof of property, the cost of posting it.

As to the degree of certainty necessary in special pleas, see *Spencer vs. Southwick,* 9 *John.* 316, and that the general mode of pleading in this case was sufficient. 1 *Ch. Pl.* 585, *and note U.*

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

William H. Calvert brought an action of replevin, in the *cepit,* against William M. Davis, in the Phillips Circuit Court, for a bay mare.

The defendant pleaded :

1. *Non cepit.*

2. *Non Detinet.*

3. Property in the defendant, traversing title in the plaintiff.

4. Property in a third person.

5. A special plea as follows : "*Actio. non,* because he says, that the said bay mare, in the plaintiff's declaration mentioned, was taken up by him, the said defendant, as an estray, and regularly posted as such, as required by the laws of said State of Arkansas, about three months previous to the service of the writ in this behalf upon him ; and he held the said property as an estray, at the time the same was replevied out of his hands ; and that the said plaintiff did not prove property in said estray, and pay, or tender to the defendant, the necessary fees as required by law to authorize this defendant to deliver the said bay mare up to him ;

without this, that the said bay mare was, or is the property of the said plaintiff; and this he is ready to verify, wherefore, &c."

The plaintiff took issue to the first and second pleas, and filed replications to the 3d and 4th, to which defendant took issue.

To the 5th plea, the plaintiff demurred, on the grounds: 1st. "That the plea does not set up how said bay mare was taken up and posted as an estray, as prescribed by the statute."

2. The plea is not responsive to the declaration.

3. The plea is, in other respects, insufficient and imperfect, &c.

The court sustained the demurrer. The parties then submitted issues to the other pleas to a jury, and the plaintiff obtained verdict and judgment for the mare.

The defendant brought error, and seeks to reverse the judgment, upon the ground alone, that the court erred in sustaining the demurrer to his *fifth* plea.

Before the owner of an animal, posted as an estray, can maintain replevin therefor, against the person posting the animal, he must appear within the time prescribed, prove his claim to the property before a justice, and pay, or tender to the taker up, the costs of posting. *Dig., ch.* 65, *secs.* 21, 25, 26, 27, 28, 29; *Phelan vs. Bonham,* 4 *Eng. Rep.* 389; *Garabrant vs. Vaughen,* 2 *B. Mon.* 328.

The matter set up in the plea, was, therefore, a good defence to the action. Was it pleaded in proper form, or with sufficient certainty?

As a general rule, it is said to be sufficient for a plea in bar to be certain to a *common intent,* while in a declaration, certainty to a *certain intent in general,* is required. *Gould's Pl., ch.* 3, *sec.* 53, *p.* 82. It is difficult to get a practical understanding of what is meant by the different degrees of certainty in pleading, as defined by Lord COKE, and followed by commentators on the subect. Mr. GOULD, in treating of the certainty required in a declaration in describing the subject matter of the action, says: "No greater certainty is required than the subject will conveniently admit; or, in other words, that if the averments are so made, that the ad-

verse party, the counsel, the jury, and the judges can fully *under-stand* the subject matter, the declaration is sufficient." *Gould Plead., chap.* 4, *sec.* 26, *p.* 182.

Though it seems, that pleas in bar admit of a less degree of certainty than declarations, yet, we think the plea in this case sets forth the subject matter of the defence relied upon, so that it may be fully understood by the adverse party, the counsel, the jury, and the court.

The counsel who interposed the demurrer, seemed to suppose that the defendant should set forth in his plea a compliance by him, in detail, with all the steps required by the statute to be taken in posting a stray animal, from the time it is taken up, until the proceedings are complete. But this would serve rather to complicate the plea, than to answer any useful purpose in plead-ing. The statute in relation to estrays, is a public and general law, and its provisions need not be recited in a plea based upon them. We think the allegations of the plea were sufficient to advise the plaintiff of the grounds and nature of the defence relied upon, so that he might prepare to meet it, and tendered matter not only responsive to the declaration, but susceptible of an issue.

Had the plaintiff replied to the plea, that the defendant did not take up the animal, sued for as an entray, and cause it regu-larly to be posted as such, as required by the laws of the State, &c., in manner and form as alleged in the plea, the defendant would have been required to prove upon a trial of this issue, a *substantial* compliance with the provisions of the statute on his part, in taking up and posting the animal. *Harryman vs. Titus,* 3 *Mo. Rep.* 302.

Or the plaintiff might have replied that he did prove property in the animal, and pay, or tender to the defendant, as the case might have been, the necessary fees as required by law, &c., &c., and thus have formed an issue upon negative allegations of the plea.

Or, upon leave of the court, he might have interposed two re-

plications, one to the affirmative, and the other to the negative allegations of the plea.

It may be supposed that the defendant might have had the benefit of the matter of defence set up in the plea, upon the trial of the other issues ; and that, therefore, the judgment should be affirmed. The action being in the *cepit*, the plea of *non detinet* was inappropriate ; and, upon motion, should have been stricken out. *Dig., chap.* 136, *sec.* 33, 34.

If it be conceded, that under the issue to the plea of *non cepit*, had it appeared upon the trial that the defendant did not take the animal wrongfully, but that it strayed from the owner, and he lawfully took it up as such, &c., the plaintiff would have failed : (*Nelson vs. Merrian*, 4 *Pick.* 249,) or if it be conceded, that under the issue to the plea of property in the defendant, if it had been proven upon the trial, that the defendant lawfully posted the animal, as an estray, and that the costs due him on that account had not been paid or tendered, and he thereby had a special property in the animal, the plaintiff would have failed in the action ; yet, it would not follow that the judgment of the court, sustaining the demurrer to the special plea, should be affirmed.

Because : *first*, the defendant had the right to plead as many several matters as he might think necessary for his defence, (*Dig., chap.* 126, *sec.* 69 ; *Ib. chap.* 136, *sec.* 32) : and *secondly*, even if the special plea interposed by him, amounted to no more than the general issue, or set up matter that might have been given in evidence under some other plea interposed, yet, the proper mode of raising the objection, was to apply to the court to compel him to elect upon which plea he would rely, and strike out the other, and not to demur. *Lincoln vs. Wilamouwicz*, 2 *Eng. Rep.* 378 ; *Lawson et al. vs. The State*, 5 *Eng. Rep.* 28 ; *Gould Plead., chap.* 6, *part* 2, *secs.* 86, 87, 89.

The practice, perhaps, is to plead specially matter of defence of the character set up in the plea in question. *Cromwell vs. Clay*, 1 *Dana* 578 ; *Garabrant vs. Vaughn*, 2 *B. Monroe* 327 ;

7c

*Phelan vs. Bonham*, 4 *Eng. Rep.* 389. The plaintiff could have but little ground to complain, that it was specially pleaded, as he was thereby advised of the defence relied on, and not subject to surprise, as he might be, if introduced under some more general plea.

Holding the plea to be substantially good, the court below erred in sustaining the demurrer thereto. The judgment is therefore reversed, and the cause remanded, with instructions to overrule the demurrer, permit the plaintiff to respond to the plea, and to grant the defendant a new trial.

Hon. T. B. HANLY, J., not sitting in this case.