## DICUS vs. BRIGHT, No. 2.

A justice of the peace has jurisdiction of an account for rent not exceeding one hundred dollars.

Where a written lease is made the foundation of the suit, it should appear that the legal right of action upon it is in the plaintiff.

But the recital of a lease in an account filed for rent, does not necessarily make the lease the foundation of the suit.

If by any manner of proof the plaintiff might have shown, on the trial before the justice, that he was entitled to recover on the account, the judgment in his favor should not be quashed on certiorari for want of jurisdiction.

*Appeal from Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

STILLWELL & WOODRUFF, for appellant.

The account, upon its face, showed an indebtedness by the defendant to the plaintiff, and the court could not know, except by a trial *de novo*, whether the title to land was involved. It was therefore error to dismiss for want of jurisdiction under the decision in *Beebe vs. Fitzgerald*, 2 *Eng*. 308. The court could not look beyond the record of the justice in determining the question of jurisdiction. *Redmond vs. Anderson*, 18 *Ark.* 449.

ROSE, for the appellee.

1. The account filed showed that if there were any cause of action it was evidenced by an agreement in writing, which should have been made the foundation of the suit.

2. The account did not show any legal liability on the part of the defendant to the plaintiff. *Levy vs. Shurman*, 1 *Eng* 182.

Mr. Chief Justice English delivered the opinion of the court.

Dicus sued Bright before a justice of the peace upon an account as follows:

"JOHN W. BRIGHT,

To Edward Dicus,                *Dr.*

To one-half of lease on lands from John Foster to said Bright, as per deed of lease from said Foster to said Bright, at $50 per year from the 1st of January, 1857, to the 1st of January, 1859, making two years, on the south-east fractional quarter of section twenty-six, in township twelve north, in range five west, containing one hundred and three acres, at the one half of $50, or $25 per year··················· $50."

Dicus obtained judgment against Bright before the justice for the amount claimed in the account, with interest, and Bright appealed to the Circuit Court of Independence county.

On the motion of Bright, the Circuit Court dismissed the case for want of jurisdiction in the justice of the peace, and Dicus appealed to this court.

It does not appear that the suit was founded upon the lease from Foster to Bright, but upon an account for rent, in which the lease is referred to. The amount of the account, and the subject matter (rent) were within the jurisdiction of the justice, there being no showing upon the face of the justice's transcript, upon which the court below acted in dismissing the case for want of jurisdiction, that the case falls within the ruling of this court in *Fitzgerald et al. vs. Beebe,* 2 *Eng. R.* 305.

If the suit had been founded on the lease from Foster to Bright, referred to in the account, and there had been no showing that Dicus had succeeded to the legal right of the lessor to sue upon the instrument, or was in some way privy to the contract, the case would have fallen within the ruling of this court in *Latham vs. Jones,* 1 *Eng.* 372, and *Levy vs. Shurman, Ib.* 182.

Had the Circuit Court proceeded to try the case *de novo,* instead of dismissing it for want of jurisdiction, we cannot undertake to say that Dicus could, by no manner of proof, have shown that he was entitled to recover of Bright the rent claimed

in the account which was made the foundation of the suit. (*Booth vs. Estes*, 16 *Ark.* 111).

The judgment must be reversed, and the cause remanded for a trial *de novo*, and if, upon the trial, it should appear that the justice of the peace had no jurisdiction of the subject matter of the suit, or that the suit should have been founded on the lease referred to in the account, or that Dicus has no cause of action against Bright, the Circuit Court, of course, will render the proper judgment upon the facts of the case as they may appear in evidence.