### LANGLEY VS. BARKMAN.

An appeal will not lie from an order of a justice of the peace, under *sec.* 26, *chap.* 66, *Gould's Dig.*, in reference to estrays.

### *Appeal from Clark Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GARLAND & RANDOLPH, for Langley.

FLANAGIN, contra.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Barkman took up a stray colt which Langley claimed, and he established his claim to the satisfaction of a justice of the peace, under *section* 25, *chap.* 66, *Gould's Dig.*; and the justice made the order provided for in the 26th *section*, requiring Barkman to give the colt up to Langley, upon his paying all legal costs, and "all further costs" Barkman was ordered to pay. Barkman appealed to the circuit court. That court refused to take jurisdiction of the ownership of the colt, but tried the other branch of the case, and adjudged Langley to pay four dollars and twenty cents to Barkman for keeping the colt. With this Langley was dissatisfied, and appealed to this court; while Barkman prosecutes his appeal because the circuit court would not try the right of the colt. Langley moved, in the circuit court, to dismiss the appeal because the court had no jurisdiction of the subject matter of the controversy, which the court overruled.

The court should have sustained the motion. The proceed-

ing before the Justice was not appealable. The only object of the statute is to enable the taker up of a stray animal to restore it to its owner, and obtain indemnity against the bond given to the county—the right of the animal is not determined; the taker up may refuse to obey the order of the justice, if he will, and expose himself to an action of detinue or trover, in which the right of property may be tried, (*section* 29 *of Statute,*) or to replevin. *Davis vs. Culbert,* 17 *Ark.* 85 ; *Phelan vs. Bonham,* 4 *Eng.* 389.

The circuit court had no jurisdiction of either branch of the case, and its judgment is reversed, with direction to dismiss the case, for want of jurisdiction.