JENKINS DAVANY *v.* NATHAN C. KOON.

1. OFFICIAL ACTS — PRESUMPTION IN THEIR FAVOR. — There is a palpable distinction between acts done by persons acting in an official capacity, and acts done by individuals. If an official act comes into question, the presumption is in favor of its propriety and validity, unless a departure from or violation of law is apparent on the face of the transaction.

2. SAME — LEASES OF THE 16TH SECTIONS. — In Philips v. Doe ex dem. Burrus, 13 Smedes & Marsh. 35, it was held, that the lessee of the school lands (16th sections) from the trustees or the board of police, must prove performance of all the antecedent conditions. As an original question, this court would consider the principles announced in Wray v. Doe, 10 Smedes & Marsh. 461, as applying to leases of the school sections.

3. SAME — SAME. — It seems to better accord with principle and its analogies; to be more advantageous to private and public interests, to apply to the leasing

of the 16th sections, the same general rule that applies with all other agents and officers, connected with the sale of lands that belong to the United States or the state, viz. : · That the paper or muniment of title issued by them, ostensibly conforming to law, shall be *prima facie* evidence that the demands of law have been performed. And the *onus* of proof shall rest upon the party contesting the title, to show a failure or omission to fulfill the legal requirements.

4. EVIDENCE—ORDER OF INTRODUCTION.—It is a well-settled rule in this state, that the court will not control the order of the introduction of testimony (except that, where secondary is offered, the absence of the original must be accounted for).

5. SAME—CASE IN JUDGMENT.—On the trial of an action by the lessee of a portion of a 16th section, to recover damages for cutting and removing timber from the leased premises, he offered in evidence a bond for title, made to him by the judge of probate of the county, and containing recitals showing that all the forms prescribed by law had been complied with in the sale. The bond was ruled out, on the objection of defendant that the plaintiff must prove a performance of the precedent facts, and that the recitals were not sufficient for that purpose: *Held*, To be error to exclude the paper, because it was admissible as color of title to which to refer the possession of plaintiff, in virtue of which he could maintain his action, unless defendant could show title in himself, or some third person.

ERROR to the circuit court of Grenada county.    NILES, J.

This was a suit to recover the value of timber cut down and carried away from the land of plaintiff without his consent by the defendant. The lands being the east half of north-east quarter of section 16, township 22 of range 4 east, in the county of Grenada, which was, on the 18th day of March, 1850, leased by the judge of the court of probate, of the county of Yallobusha, to plaintiff in error, for the term of ninety-nine years, and a bond for title was executed by said judge, reciting the terms of the lease, conditioned to make title on the payment of the purchase-money ; and on the trial the plaintiff offered, as evidence to the jury, this title bond, and it was objected to by the defendant's counsel as *incompetent* evidence, unless the plaintiff proposed to connect it by showing that the requirements of the law, as to the notice of the lease, were complied with, and that said notice is not proved by the recitals in said lease, which proof plaintiff admitted he could not make, and the objection was sustained and the bond for title excluded from the jury.

*J. C. Gray*, for plaintiff in error.

The land in question was leased under the statutes directing how said leases should be made, and prescribing their legal effect.   See Hutch. Miss. Code,. pp. 213, 214, 221 and 222, from which it appears, that the lessee may maintain a suit as fully as though he owned said land in fee simple. Code, p. 221.

The question is, was the title-bond, under the law, drawn in exact accordance with the statute (and "the execution of which was admitted), competent evidence in the case." The "presumption of the correctness of official action is a general one, and applies to most acts of an official or ministerial character."   Wray v. Doe, 10 Smedes & Marsh. 453.

"A grant raises a presumption that all prerequisites have been complied with."   Polk's Lessees v. Wendal, 5 Wheat. 293; Bragnell v. Broderick, 13 Pet. 449; Newman v. Harris & Plummer, 4 How. (Miss.) 522.

It is submitted, whether the same degree of proof is requisite to sustain this character of action as would be required in an action of ejectment?   Ware v. Collins et ux., 35 Miss. 223.   The case of Phillips v. Doe ex dem. Burrus et al., 13 Smedes & Marsh. 31, relied upon by defendant, does not warrant the ruling of the circuit judge in excluding from the jury the "bond for title."   It is clearly competent evidence to show the lease, and *prima facie* proof, that every prerequisite of the law was complied with.   If it was not, let the defendant, who occupies the position of a trespasser, show to the contrary.

*Walthall & Golladay*, for defendant in error.

1st. The case of Phillips v. Doe ex dem. Burrus et al. is decisive of this case, and the judgment must be affirmed. 13 Smedes & Marsh. 31, 37 and 38.

2d. The case of Ware v. Collins, 35 Miss. 223, relied on by opposing counsel, cannot avail plaintiff in error, there being no proof, nor offer to prove, that the plaintiff *was in possession* under color and claim of title.

VOL. XLV.—10

3d. This court will decide this case upon the record as presented, and will not adjudicate a question not presented to the court below. The question is here, and was below, whether the proof offered entitles the plaintiff to recover. If not, the judgment below will be affirmed, though on other proof, not offered, the plaintiff might establish his demand.

SIMRALL, J. :

The circuit judge was of opinion, that the contract offered to be read to the jury was inoperative, and conferred no right upon the plaintiff unless accompanied with proof that all the conditions prescribed by law for the sale or lease of the school lands have been complied with. These requisites are a petition of the majority of the heads of families, and the advertisement of the six weeks, etc., of the sale.

There is a palpable distinction between acts done by persons acting in an official capacity, and acts done by private individuals. Liberal indulgencies and intendments are made in favor of the former. If an official act comes into question the presumption is in favor of its propriety and validity, unless a departure from or violation of law is apparent on the face of the transaction. It was declared in Wray v. Doe, 10 Smedes & Marsh. 461, that this is a general principle applicable to most acts of a ministerial or official character. It was objected in the case of Wray v. Doe, supra, that the location of the Indian reservation was not good until it was proved that all the preliminary steps had been complied with, viz. : that a list of names of reservees, including the particular Indian, was furnished by the seven chiefs and filed with the agent, and his certificate of its believed accuracy furnished to the register and receiver prior to the location. But the court declared proof of these facts not necessary. The location is itself evidence that all the prerequisites have been complied with. "A violation of duty on the part of the officers who made the location cannot be presumed." The entire system of land grants by the government, national and state, reposes upon this prin-

ciple. A patent is evidence, *per se,* that all the precedent conditions to its issuance have been complied with. It is necessary to the safety and quietude of estates in land derived from the government through its officers, that this presumption should be indulged.

The 16th, or school sections, may be leased for ninety-nine years, to the highest bidder, on a credit of one, two, three and four years, on a request of a majority of the resident heads of family in the township, six weeks' notice of the leasing being given by advertisement. Act of 1833. The paper offered in evidence recited that such request had been made; that the six weeks' notice had been given, and that Jenkins Davany became the lessee (being the highest bidder), and executed his four notes for the installments. Recitals only bind parties and their privies, and would not conclude the defendant. But the effect which attaches to the paper is not by way of estoppel. We should be inclined to hold, that the paper propounded in evidence had the effect (not upon the principle of estoppel, however) of raising the presumption that the board of police had conformed to the law. The township trustees, and in special circumstances, the board of police, are authorized by law to sell for a limited time the school lands. These lands were donated by congress for educational purposes in the townships. The use and disposition of them for that purpose is in the state. We should not be inclined to apply to the leasing of these lands a different principle from that which obtains in the rules made by the United States, or by the state, of lands donated by congress for internal improvements or other purpose; but for the decision in Philips v. Doe ex dem. Burrus, 13 Smedes & Marsh. 35, where it was held, that the lessee from the trustees, or the board of police, must prove performance of all the antecedent conditions. It is put by the court upon the footing of a naked statutory authority to sell, and is assimilated to a tax collector's sale, when strict conformity to law must be shown. The cases referred to by the court, of Williams v. Peyton, 4 Wheat.

77, and Jackson v. Shepard, 7 Cow. 77, were titles derived from the marshal or collector of the direct taxes, under an act of congress. Is there not a distinction? The tax collector sells *in invitum* the property of the citizen. His authority to sell is the concurrence of certain facts, out of which his authority springs. The sheriff sells by authority of the judgment and execution ; unless they are produced, no authority is shown. The 16th sections were reserved from sale by congress, for educational purposes. The state, by law, indicates certain persons, who are, *pro hac vice*, her officers, to make leases. The terms are prescribed, just as the acts of congress, from time to time, have declared who may be a pre-emptor, locator, or enteree, or lessee of mineral lands belonging to the United States, or the state, the conditions upon which the 500,000 acres donated to her for internal improvements. In all these cases the national and state governments act by officials. And when the register, receiver or state commissioner issues a paper, on its face conformable to law, that a certain person has become a purchaser, it has always been held that the paper itself is *prima facie* evidence that all things required to be done have been performed. It is the state, who can only act, through agents and officers, disposing of land held by her for a public purpose, and not like the case of a marshal, or tax collector who assumes the right to sell private property for a sum due to the government. Before the citizen can be deprived of property for public uses, or to satisfy a debt to the state, the "due course of law" must be rigidly pursued. An officer laying his hand upon the property of the citizen, and passing the title by sale, must be strictly within the pale of the law, and his purchaser must show full compliance. As an original question, we should incline to the opinion that the principles laid down in Wray v. Doe, etc., 10 Smedes & Marsh., apply to leases of the school sections. No substantial difference is perceived between the sale of these lands for a limited time, and the sales of the internal improvement lands, lands donated to the Chickasaw counties

for schools, and the lands of the United States.  After the lapse of a few years it becomes very difficult, in many instances almost impossible, to prove performance of the conditions.   There is no authority to spread the lease, and other evidences connected with it, on the public records of the county.   It seems to us, therefore, to better accord with principle and its analogies, to be more advantageous to private and public interests, to apply to the leasing of the 16th sections the same general rule that obtains with all other agents and officers connected with the sale of lands that belong to the United States or the state, viz., that the paper or muniment of title issued by them, ostensibly conforming to law, shall be *prima facie* evidence that the demands of law have been performed.   And the *onus* of proof shall rest upon the party contesting the title to show a failure or omission to fulfill the legal requirements.

But it is not necessary to decide this point, as we are of opinion that the paper was competent evidence for another purpose.   It is well settled in this state that the court will not control the order of the introduction of testimony (except that where secondary is offered, the absence of the original must be accounted for).   The act of 20th January, 1841, gave to the lessees of the school sections the same rights of action and remedies against strangers as if they were the fee simple owners.  Hut. Code, 221.   To maintain his action, it was incumbent on the plaintiff to prove either an actual possession of the *locus in quo*, under a claim of right, or to prove a freehold or leasehold title to the premises, with a right to the possession, which would draw to him a constructive possession, unless there was an adverse occupancy by somebody else.   The paper was rejected by the court, because it conferred no valid title as lessee on the plaintiff, he admitting that he could not prove a performance of the precedent facts.   Nevertheless, the paper was competent evidence of a color of title, to which the plaintiff might refer his possession.   Possession under it would

enable him to sustain this action. This would have been enough to have devolved upon the defendant to show title in himself or some third person, in order to defeat the action. Ware v. Collins, 35 Miss. 230. The testimony offered being pertinent to the issue, its rejection was injurious to the plaintiffs.

Wherefore the judgment is reversed and cause remanded.