## CITY OF FORT SMITH V. DODSON.

1. SALES: *By officer without judicial warrant: Compliance with law: Burden of proof.*

   Where an officer sells property under a special statutory authority, without judicial warrant and acting upon a state of facts of the existence of which he judges for himself, a strict compliance with the law is exacted of him, and must be proved affirmatively by all persons who justify under him. Proof of such compliance cannot be supplied by the legal presumption that the officer did his duty.

2. SAME: *Same.*

   In an action against a city to recover the value of a hog, sold by the marshal under an ordinance prohibiting the running at large of swine, and providing that such stock when found at large in the city limits shall be impounded by the marshal and sold by him at public auction after a prescribed notice, the burden is upon the defendant to prove the fact that the notice required by the ordinance was given.

APPEAL from *Sebastian* Circuit Court, Ft. Smith District.

JNO. S. LITTLE, Judge.

*T. S. Osborne*, City Attorney, for appellant.

A city marshal is a ministerial officer. 2 Rapalje Law Dec., 822; 39 Ark., 82. The presumption is that he complied with the ordinance, until the contrary is shown. Whart. Legal Max., lxv, 145; 2 Ark., 26; 25 Id., 311; 30 Id., 69; 31 Id., 609; 12 Wheat, 69; 8 Conn., 134; 3 Yerg., (Tenn.), 308; 10 Am. Dec., 680; 45 Miss., 71; 20 Kas., 572.

Plaintiff must make out her case by a preponderance of evidence. Mansf. Dig., sec. 2870-1.

*Clayton & Forrester*, for appellee.

The burthen of proof was on the appellant, to show that the ordinance had been complied with. Wade on Notice (2d ed.), sec. 1105, 1122; 35 Ill., 417; 12 Cush., 98; Bailey Onus Probandi, 231-3; Wade Notice, pp. 6, 7;

Sumn. (U. S.), 390; 13 La. Ann., 397; 19 N. J. Eq., 220; Wood Pr. Ev., p. 646, notes 10 and 11; 28 Me., 481; 21 Peck., 55; 13 Id., 384; 13 Ill., 64; 7 Barb., 39; 16 Penn. St., 22; 3 Mo., 302; 8 Id., 344.

HEMINGWAY, J.

This is an action in favor of the appellee, to recover of the appellant twenty-five dollars, the value of a hog. It was tried in the Sebastian circuit court upon an agreed state of facts, substantially as follows: The hog belonged to plaintiff; it was worth twenty-five dollars; it was sold by the defendant's marshal, who assumed to act by the authority of a city ordinance; the ordinance was in full force, prohibited the running at large of swine on the streets and unenclosed grounds of the city, and cast upon the marshal the duty to take up and impound swine found at large in violation of the ordinance.

The ordinance further provides that "within two days after impounding the animal the city marshal shall cause to be posted in three public places in the city limits a notice of the same, containing a description of the animal so impounded, the date of impounding, and notice that the same shall be sold at public auction, to the highest bidder, five days from the date of said notice, unless said animal shall be reclaimed before that time." There was evidence tending, upon the one side, to prove that the prescribed notice had been given; and, upon the other, that it had not been given. There was no other issue in the cause. The plaintiff asked and the court gave the following instructions: "That the burden of proof is upon the defendant city to show by a preponderance of the testimony, that the city marshal complied with the ordinance read in evidence, by giving the notice therein required

City of Fort Smith v. Dodson.

before making the sale.'' To this action of the court the defendant excepted, and asked the court to give instructions placing the burden of proof that notice was not given on the plaintiff. The court refused to give the instruction asked, and the defendant excepted.

There was verdict and judgment for the plaintiff, from which the defendant prosecutes this appeal. The only error complained of, is the action of the court in giving the instruction asked by the plaintiff and refusing the one asked by defendant. Did the law cast upon the plaintiff the burden of proving that the notice had not been given? Or was the burden cast on the defendant to prove that it had been given? A sale without the notice would be a nullity. In one case, where notice had been given for a time less than that required, by only a part of a day, the sale was held void. In another, the law required ten days' notice and but eight days' notice was given, and the sale was held void. Notice is required to apprise the owner that his animal is impounded and will be sold unless reclaimed. In the ordinance under consideration, the notice is given by posting bills in three public places in the city; and if the animals posted are not reclaimed in five days, they are sold by the marshal, and title transferred. Notice is the fact that imparts validity to the marshal's act, and deprives the owner of title to his property. It is the warrant of the officer. It is affirmative, defensive matter; it is matter peculiarly within the knowledge of the city. In so large a city as Fort Smith, while the city could easily prove whatever notice it gave, it would be exceedingly difficult for the owner to prove that no notice had been given. Any number of persons might testify that they had not seen the notices; still the fact would not be

Vol. LI.—29

proven that notices had not been posted. That is the best proof the owner could offer. If the notice had been given, it was done through the agent of the city, who could be called and easily establish the fact.

A general rule of evidence requires "that the issue must be proved by the party who states an affirmative; not by the party who states a negative." Another, that "the *onus probandi* lies on the party who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant." Bailey's Onus Pro., page 1.

If the action of the lower court should be tested by these rules there would be little doubt that it was correct.

1. SALES: By officer without judicial warrant: But it is contended that the sale was made by an officer, and that the law will presume that all things requisite to its validity were done. This contention is met by the opposing contention, that the law raises no presumptions in favor of the sales of officers made under special statutory authority, without judgment or decree of court, and that they depend for their validity upon a strict compliance with the statutes authorizing them.

In the case of *Rose v. Ford*, 2 Ark., 26, a sheriff made return upon a summons in the following language: "Executed the within by reading, April 9, 1839." The rule under consideration was invoked to sustain the return. The court held the service bad, and declared that the rule raised for facts stated the presumption of truth, but could not be invoked to supply necessary facts that were omitted.

In the case of *Hogins v. Brashear*, 13 Ark., 242, the plaintiff offered in evidence a tax deed. Objection was raised to its introduction, because its recitals failed to show a sale according to law. The court held that the deed should dis-

City of Fort Smith v. Dodson.

close the performance of all "essential prerequisites," and that nothing was presumed as to their performance. We think the correct application and extent of the rule is defined by the court, in the case of *Davany v. Koor*, 45 Miss., 71. The matter under consideration was the lease of sixteenth section lands, and what presumptions would be raised by the law as to the performance of conditions essential to its valid execution. The court say: "When the register, receiver, or State commissioner issues a paper on its face conforming to the law, that a certain person has become the purchaser, it has always been held that the paper itself is *prima facie* evidence that all things required to be done have been performed. It is the State who can only act through agents and officers, disposing of lands held by her for public purpose, and not like the case of a marshal or tax collector, who assumes the right to sell private property for a sum due to the government. Before the citizen can be deprived of property for public uses, or to satisfy a debt to the State, the due course of law must be rigidly pursued. An officer laying his hand upon the property of the citizen, and passing the title by sale, must be strictly within the pale of the law, and his purchaser must show full compliance." The rule of presumption would be the same, whether the city or its purchaser were defending. The law could not exact a more rigid compliance with the conditions of authority of a tax collector than of a pound keeper. Each acts without any warrant from a court, upon a state of facts authorizing it, of the existence of which the pound keeper certainly judges alone for himself. It is a rule of law as well as of common justice then, which exacts that the pound keeper must show that he has strictly complied with the law to justify an action brought against him by the owner of the animal. Dil. Mun. Corp.,

*[margin: Compliance with law.]*

*[margin: Burden of proof.]*

sec. 150.    That the notice must be given, and that the bur-
den of proving it is upon the pound keeper or those who
justify under him, whether the proof can be made easily or
not, is announced by high authority.    *Clark v. Lewis*, 35
Ill., 417; *Coffin v. Vincent*, 12 Pick., 98; *Morse v. Reed*,
28 Me., 481.

2. SAME.        Mr. Chief Justice Marshall, discussing a claim under a
tax deed, said: "If the validity of a deed depends on an
act *in pais*, the party claiming under that deed is as much
bound to prove the performance of the act as he would be
bound to prove any matter of record.    *    *    *    These
facts should be examined by him before he becomes a pur-
chaser, and the evidence of them should be preserved as a
necessary muniment of title.    *    *    *    It is easy, for ex-
ample, to show that the collector has posted up the neces-
sary notifications in four public places in his election district as
is required, but very difficult to show that he has not."    He
then sustained an instruction of the circuit court to the effect
that the burden rested upon the tax purchaser to show that
the lands had been advertised for sale as the law directed,
and that such proof could not be supplied by the legal pre-
sumption that the officer did his duty.    *Williams et al. v.
Peyton's Lessee*, 4 Wheat., 77.    The sale of property under
this class of ordinances, like the sale for taxes, is in deroga-
tion of private property rights.    It deprives an owner, *in
invitum*, of his property and transfers it to another.    At-
tempts to enforce these ordinances should not be received
with more favor than attempts to sell for taxes.    They affect
the citizen in the same way, are executed alike without ju-
dicial warrant, and a rigid compliance with the conditions of
authority should be exacted of officers and proven by all
persons who justify under them.

The judgment is correct and will be affirmed.