## Gregg v. Hatcher.

### Opinion delivered February 21, 1910.

1. MUNICIPAL CORPORATIONS—LIABILITY.—Municipal corporations are not liable for the negligent or illegal acts of their officers in the discharge of their public duties, as, for example, for wrongfully impounding animals running at large. (Page 56.)

2. REPLEVIN—IMPOUNDED STOCK.—The owner of an animal wrongfully impounded may recover possession thereof from the person in whose possession it is found. (Page 57.)

3. CERTIORARI—VOID JUDGMENT.—A judgment will be quashed on certiorari when it appears that the court had no authority to render it upon any evidence that might have been introduced. (Page 58.)

Appeal from Craighead Circuit Court; *Frank Smith,* Judge; reversed.

*Charles D. Frierson,* for appellants.

1. The judgment of the justice of the peace was void for want of jurisdiction. 34 Ark. 105; 13 Ann. Cas. 1016 and note; 12 L. R. A. (N. S.) 537 and note; 17 L. R. A. (N. S.) 741 and note; Kirby's Dig. § § 5450-1; 1 Abbott, Mun. Corp.

§ 115 and note p. 270; 3 *Id.* § 873; 72 Ark. 8; 89 Ark. 564; 75 Ark. 340; 58 Pac. 604; 14 Pac. 65; 140 U. S. 254; 93 U. S. 274; 41 Pac. 580; 37 Pac. 1096; 48 Pac. 569; 4 Words and Phrases, "Jurisdiction," 3878 *et seq.;* Kirby's Dig. § 4552; 3 Abbott, Mun. Corp. § § 1167, 2575; 75 U. S. 307; 74 Pa. 249.

2.   Certiorari was the proper remedy.   6 Cyc. 759; 44 Ark. 509; 39 Ark. 347; 40 Ark. 219; 68 Ark. 205; 87 Ark. 519; 30 Ark. 159; 52 Ark. 87; 72 Ark. 394; 52 Ark. 213; 66 Ark. 139; 12 Ark. 95; 29 Ark. 173.   It is the proper remedy also. in cases where, as in this case, the right of appeal is lost without fault of the party against whom the judgment was rendered. 6 Cyc. 762-3; 69 Ark. 587, and cases cited above.

*Hawthorne & Hawthorne,* for appellees.

1.   The judgment of the justice of the peace was regular. After service had upon the proper party, the mayor, the city was represented by its regular attorney, and the case was heard and decided upon the evidence introduced.   The justice of the peace did not exceed his jurisdiction.   28 Cyc. 1763; 50 Ill. 154; 13 S. W. 264; 28 Cyc. 1756-7-8; 126 Fed. 288; 41 Ill. 502; 75 Ga. 761; 65 Mo. 620; 50 Mo. App. 98; 35 Ark. 352; 51 Ark. 447; 75 Ark. 340; 76 Ark. 443.

2.   Appellants having lost their appeal by their own neglect, certiorari does not lie.   A judgment of a justice of. the peace will not be quashed on certiorari if it could have been sustained by competent evidence.   23 Ark. 110; 25 Ark. 518; 39 Ark. 348; 43 Ark. 341; *Id.* 33; 47 Ark. 511; 51 Ark. 281; 50 Ark. 34; 80 Ark. 200.

HART, J.   Appellants filed a petition in the circuit court for a writ of certiorari to quash a judgment of a justice of the peace.   The circuit court refused to quash the judgment, and they have appealed to this court.

The facts, as shown by the petition and the return of the transcript of the justice, are as follows:   J. F. Young filed a suit in replevin before P. A. Hatcher, a justice of the peace, against the city of Jonesboro and C. B. Gregg, as mayor of said city, to recover the possession of a mare and a mule, which had been impounded by Pink Hilbourn under the ordinances of said city.   Pursuant to the order of delivery issued in the case, the said mare and mule were delivered to the plaintiff,

Young. On the trial of the cause, the justice only rendered judgment in favor of the plaintiff, Young, against the city of Jonesboro, and C. B. Gregg, as mayor of said city, for damages in the sum of fifty dollars.

The judgment of the justice of the peace was without jurisdiction and void: and should have been quashed by the circuit court.

Our statutes expressly delegate to municipal corporations the power to prevent the running at large within their corporate limits of certain designated animals and prescribe impounding as a method they may adopt to enforce such ordinances. Kirby's Digest, § § 5450, 5451.

In the case of *Fort Smith* v. *Dodson*, 46 Ark. 299, the court said: "Hogs and other animals running at large, contrary to lawful prohibition, are regarded in the light of a nuisance, and the usual and established method of suppressing the nuisance is by impounding the animals and causing a sale for the costs of the proceeding."

The exercise of the power thus conferred upon the municipalities gives to their ordinances the same force and effect as if they had been passed directly by the State Legislature. In such cases they are in the discharge of duties imposed by law for the promotion and preservation of the public welfare, and discharge governmental functions. Their officers in the enforcement of their ordinances act in their public capacity.

"The rule is general that a municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals, when engaged in the performance of public or governmental functions or duties. So far as municipal corporations exercise powers conferred on them for purposes essentially public, they stand as does sovereignty whose agents they are, and are not liable to be sued for any act or omission occurring while in the exercise of such powers, unless by some statute the right of action is given; and where the particular enterprise is purely a matter of public service for the general and common good, it makes no difference whether it is mandatory, or whether only permitted and voluntarily undertaken. A municipal corporation, therefore, is not liable for negligence in the course of work undertaken purely for the public benefit and advantage,

and not for the benefit of the corporation. Nor is liability incurred by a city in the exercise of its police power in measures adopted for the general health, comfort and convenience of the public." 20 Am. & Eng. Enc. of Law. (2 ed.) pp. 1193 and 1194; *Gillmor* v. *Salt Lake City,* 13 Am. & Eng. Ann. Cas. p. 1016 and note; 28 Cyc. p. 1257; *Valentine* v. *Englewood,* 19 L. R. A. (N. S.) p. 262 and cases cited.

In the cases of *Fort Smith* v. *Dodson,* 51 Ark. 447, and *White* v. *Clarksville,* 75 Ark. 340, the construction of ordinances having for their object the preventing of certain animals running at large within the corporate limits of the municipalities was involved, and the city was made a party defendant; but in those cases the liability of the city was not raised or considered, and the cases were determined on other issues. The effect of these and other decisions of our court on the question is that the owner of property improperly impounded may recover the possession thereof from the person in whose possession it is found.

The rule that municipal corporations are not liable for the negligent or illegal acts of its officers in the discharge of their public duties has, for many years, been established in this State. *Trammell* v. *Russellville,* 34 Ark. 105; *Arkadelphia* v. *Windham,* 49 Ark. 139.

In the case of *Culver* v. *City of Streator* (Ill.), 6 L. R. A. p. 270, the court held (quoting syllabus): "A municipal corporation is not liable for injuries resulting from negligent acts of one employed by it to enforce an ordinance forbidding the running at large of unmuzzled dogs, committed while in the discharge of the duties of his employment." To the same effect, see *McKay* v. *Buffalo,* 9 Hun (N. Y.) 401; *Whitfield* v. *Paris,* 84 Tex. 431, 15 L. R. A. 783.

"The nonliability of municipalities in such cases is based upon the ground that they are subdivisions of the State, created in part for convenience in enabling the State to enforce its laws in each locality with promptness, and simultaneously, when occasion requires it, in the different subdivisions within its boundaries; and that, while enforcing those laws which pertain to the general welfare of the State and to the people generally in all its subdivisions, the State acts through these subdivisions, and

uses them and their officers as its agent for the purposes for which a State government is instituted and granted sovereign power for State purposes; and, further, that the State has not made them the insurers of public or private interests or liable for any careless or wilful acts of its officers." *McIlhenney* v. *Wilmington,* 127 N. C. 146, 50 L. R. A. 470. A judgment may be quashed on certiorari where it appears that the court had no authority to render it upon any evidence that might have been introduced. *State use Izard County* v. *Hinkle,* 37 Ark. 532; *Dicus* v. *Bright,* 23 Ark. 110.

It follows, then, that in rendering judgment for $50 damages in favor of J. F. Young against the city of Jonesboro and C. B. Gregg, its mayor, the justice exceeded his jurisdiction and his judgment was void. The judgment is, therefore, reversed, and the cause remanded with directions to quash the judgment of the justice of the peace against the city of Jonesboro and C. B. Gregg, its mayor.