BELL v. CITY OF SAN ANGELO et al.

(Court of Civil Appeals of Texas. Austin. May 1, 1912.)

1. ANIMALS (§ 106*) — STRAYS — SALES — RECOVERY.

In an action for the possession or for the value of mares taken up and sold by a city poundkeeper, or for the net proceeds of the sale, a demurrer to the petition was improperly sustained, since, even if the sale was legal in every respect, plaintiff was entitled to recover the proceeds in excess of the expenses chargeable.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 430–434; Dec. Dig. § 106.*]

2. ANIMALS (§ 106*) — STRAYS — SALE — RECOVERY.

Allegations of a petition in an action for the wrongful sale of mares by a city poundkeeper, showing that two mares belonging to plaintiff were advertised together and one expense account made out against both, and that the first one sold for enough to pay off the city's entire claim, sufficiently showed an illegal sale of the second mare as against a general demurrer.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 430–434; Dec. Dig. § 106.*]

3. ANIMALS (§ 106*) — STRAYS — SALE — RECOVERY.

The owner of animals illegally sold by a city poundkeeper may recover them, or their value, from the person holding under the illegal sale.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 430–434; Dec. Dig. § 106.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by T. C. Bell against the City of San Angelo and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

L. H. Brightman, of San Angelo, for appellant. L. L. Montgomery, for appellees.

RICE, J. This suit was brought by appellant against the city of San Angelo and J. A. Williams to recover the title, and possession of two mares of the value of $300, or, in the alternative, for their value; and, in the event that recovery should be denied as to both, that he have judgment for the value of the second mare sold, and, in any event, for $38, the net proceeds realized from the sale of both of said animals, which last amount was tendered in court by the city. A general demurrer having been sustained to the petition, and appellant declining to amend, the case was dismissed, from which judgment this appeal is taken.

After setting out the ordinance authorizing the impounding and sale of stock running at large within the city limits, said petition alleged that on the 28th day of January, 1910, Albert House, the poundkeeper of said city, took up said mares belonging to plaintiff, which had strayed within the limits of said city, and proceeded to advertise the same for sale on the 7th of February thereafter, as provided by said ordinances; that said animals were sold at public auction to defendant Williams to satisfy the amount due the city for impounding the same and their keep, being struck off to him for the sum of $51; that ever since said date said Williams has appropriated the same to his own use and benefit; that the reasonable market value of said mares at the time the same were sold was $300; that said mares were advertised in one notice, and the fees taxed in one bill or account, and, when the same were sold, they were sold separately, the first mare bringing $25, and that at the time of the sale of said first mare there was only the sum of $13 taxed against both of said animals as pound fees and feed bill, and, after the first of said mares was sold, plaintiff protested against the sale of the second, but in violation of the rights of plaintiff, and in violation of law, the said poundkeeper proceeded to sell the said second mare at public sale for the sum of $26; further, that there is now in the possession of the city of San Angelo the sum of $38, the balance of the proceeds of the sale of said mares.

Error is assigned on the part of appellant to the action of the court in sustaining said general demurrer, first, on the ground that the sale of the second mare was illegal after the first had been sold for enough to settle the entire bill; and, second, because the court erred in holding that the plaintiff was not entitled to recover the $38, balance of the purchase price of the two mares.

[1, 2] We are inclined to the opinion that the general demurrer was improperly sustained. If the sale of the mares was legal in every respect, then it seems clear that the plaintiff would be entitled at least to recover the $38, which was the net amount they brought after deducting all expenses chargeable against them. In addition to this, if the sale of the second mare was illegal, then plaintiff would be entitled to recover said animal. Gregg v. Hatcher, 94 Ark. 54, 125 S. W. 1007, 27 L. R. A. (N. S.) 138, 21 Ann. Cas. 982. While the allegations in the petition probably do not affirmatively show that the second animal was illegally sold, yet it is probably good as against a general demurrer. The animals were advertised together, and one expense account made out against them. If the first animal was sold, as the allegations seem to show, for more than enough to pay off and satisfy the entire claim of the city, then we are at a loss to understand what right the poundkeeper had to sell the second animal, especially over the protest of the owner.

[3] Without intimating that the city would be liable for the value of the animal, yet, if it be shown that the sale of either of them was illegal, we think appellant would be entitled to recover the

animal or its value from the purchaser holding under such illegal sale.

Believing that the court erred in sustaining said demurrer, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.