## NATTEE *v.* HUFF.

Opinion delivered February 25, 1918.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

1. FENCING DISTRICTS—RIGHT TO IMPOUND ANIMALS RUNNING AT LARGE.—Kirby's Digest, § 1407, provides that stock found running at large in any fencing district may be impounded by any person. Animals being closely pursued by their owners, in an effort to catch them, can not be regarded as running at large within the meaning of the Statute.

2. FENCING DISTRICTS—ANIMALS RUNNING AT LARGE.—A finding that certain horses were running at large held to be supported by the evidence.

3. FENCING DISTRICTS—IMPOUNDED ANIMALS—REPLEVIN.—The owners of impounded animals must comply with the statutory require-

ments, with respect to proof of ownership and tender of cost for posting, before replevin will lie for the property.

4.  FENCING DISTRICTS—IMPOUNDED ANIMALS—COSTS INCURRED—DE-TERMINATION.—Under Kirby's Digest, § 1409, where the owner of an animal, and the impounder thereof, in good faith differ as to what constitutes a reasonable fee for impounding, feeding and caring for the stock, or in reference to the amount of damages occasioned to crops by the trespass, the owner of the stock seized must request the secretary of the fencing board and the impounder to appoint an appraiser to fix the fee as a prerequisite to the maintenance of a replevin suit.   Where there is no *bona fide* dispute, the appraisers need not be appointed.

5.  FENCING DISTRICTS—UNREASONABLE CLAIM BY IMPOUNDER OF STOCK.—The exaction of a manifestly unreasonable and unjust amount by an impounder would have the effect of excluding him from the protection of the statute.

*J. P. Kerby* and *H. C. Locklar,* for appellant, Flowers.

When appellant tendered a reasonable fee he had the right to demand possession and replevin would lie. One dollar was a reasonable fee; the demand for $5 was unreasonable, and the possession of the horse became unlawful. Replevin was proper when the impounder failed to comply with the law. Kirby's Digest, § § 1407-8-9; 9 Ark. 389; 17 *Id.* 85; 94 *Id.* 54. See also 65 Ark. 448; 70 *Id.* 348. The court erred in its instructions.

*J. A. Watkins,* for appellee in the Flowers case.

1.   The judgment is right on the evidence. The horse was lawfully in appellee's possession and appellant failed to comply with the law. Kirby's Digest, §1409, etc.

2.   There is no error in the declarations of law. 17 Ark. 85; 9 *Id.* 389.

*J. P. Kerby, H. C. Locklar* and *H. C. Reigler,* for appellant, Nattee.

1.   Replevin was properly brought. A reasonable fee was tendered and refused, and an unreasonable fee demanded. The possession was unlawful. Kirby's Digest, § § 1407-8-9-10, etc.

2.   The declarations of law asked were proper and erroneously refused.  9 Ark. 389; 17 *Id.* 85; 94 *Id.* 54; 74 *Id.* 320.

*J. A. Watkins,* for appellees.

This case is settled by Kirby's Digest, §§ 1407-8-9-10; 9 Ark. 389; 17 *Id.* 85.

HUMPHREYS, J.   These cases involve the same defendants and a construction of the same statutes, so one opinion will suffice in the two cases.

In No. 5080, appellant, Algia Flowers, brought suit against appellees in the Little Rock municipal court for a horse owned by him which had been found in Fencing District No. 3, Pulaski County, and impounded by appellees.

The cause was tried in the municipal court and judgment was rendered in favor of appellees, from which an appeal was prosecuted to the circuit court of Pulaski County.   The cause was there tried by the court sitting as a jury upon an agreed statement of facts and judgment again rendered in favor of appellees.   Proper steps were taken and the cause is here on appeal.

The agreed statement of facts, upon which the cause was submitted, is as follows:

"It is agreed that on the 10th day of January, 1917, the horse in question was found within Fencing District No. 3, Pulaski County, Arkansas, a duly organized fencing district.

"It is further agreed that the agents and employees of the defendant, Dan Rauch, who was a land owner in said fencing district, took possession of said horse and delivered it to Dan Rauch, defendant, and while in the possession of the defendant, Dan Rauch, the plaintiff stated that he would pay one dollar for the redelivery of the horse; such offer was refused and the horse was delivered into the possession of the defendant, Dan Rauch, by his agents and employees, and within a few days after this action was instituted said horse died; that such offer was made within two hours after possession was taken of the horse by the agents and employees of the defendant, Dan Rauch, and the defendant demanded five dollars for his fee for the delivery of said horse.

"It is further agreed that there was nò application made to the secretary of the board of the said fencing district for appraisers to assess and fix the fee and damages by either the plaintiff or the defendant.

"The sum of one dollar was tendered by the plaintiff to the defendant in open court, which tender was refused."

In No. 5160, appellant, John Nattee, brought suit against appellees in replevin in the Little Rock municipal court for a mare owned by him, which had also been found in Fencing District No. 3, Pulaski County, and impounded by appellees. This cause took the same course and with like result as the Algia Flowers case, and is here on appeal. The latter case was heard upon oral evidence instead of an agreed statement of facts.

The undisputed facts disclosed that the mare was found in appellees' oat stubble field and was impounded with little effort by appellees, on the 10th day of January, 1917, within Fencing District No. 3, Pulaski County, which was duly organized under the general law, and both appellant and appellees owned land in said district at the time; that appellant made demand for the animal within fifteen or twenty minutes after she had been impounded; that the animal had done no damage whatever; that appellant first offered appellees fifty cents, then $2 and then $2.50 for their trouble in impounding the animal, but appellees refused to take said sum and demanded $5 for a release of the animal; that neither appellant nor appellees applied to the secretary of the fencing board for appraisers to fix the fee for impounding the animal before the institution of the replevin suit.

The evidence in behalf of appellant tended to show that the animal had slipped her halter and was feeding near his mules on his own place; that she was young and frisky and that he concluded it was best to leave her alone until noon and let her follow his mules home; that it was then about 11 o'clock and he took some tools he had been using to the house, a distance of two hundred yards, and, during his absence, the mare was seized by appellees.

The evidence on the part of appellees tended to show that the mare was seen in appellees' field the day before she was seized.

(1-2) The warranty for the seizure and retention of the stock in each of the cases must be found in sections 1407, 1408 and 1409 of Kirby's Digest of the statutes of Arkansas. Section 1407 provides that stock found running at large in any fencing district may be impounded by any person. Animals being closely pursued by owners in an effort to catch them could not be regarded as running at large within the meaning of said section 1407. The agreed statement of facts in the Flowers case fails to show that the horse was being pursued by the owner. While there is evidence in the Nattee case tending to show the owner was in hot pursuit of the mare, yet there is evidence tending to show she was seen in the same field the day before she was seized. So, the finding of the court in each case, to the effect that the animals were running at large, was not contrary to the law and evidence. Section 1408 provides for the return of the stock seized, to the owner, upon payment of a reasonable charge for impounding, feeding and caring for the stock and all damages to crops occasioned by the trespass. Section 1409 is as follows: "If the parties interested fail to agree upon the amount of such charges and damages, the secretary of the fencing board and the impounder shall each appoint an appraiser, and said appraisers shall adjust and fix said charges and damages, calling in a third party if they can not agree."

It is insisted by appellants that they had a right to maintain replevin upon tender of a reasonable fee for impounding the stock and that a tender of $1 in the Flowers case was a reasonable fee, and the tender of $2.50 in the Nattee case was in excess of a reasonable fee, and that the court erred in holding to the contrary.

It is the contention of appellees that the charges were in dispute and appellants could not maintain replevin until they exhausted their remedy under section 1409, copied above.

(3)  This court held in the cases of *Phelan* v. *Bonham,* 9 Ark. 389, and *Davis* v. *Calvert,* 17 Ark. 85, that the owner of posted animals must comply with statutory requirements with reference to proof of ownership of the property and payment or tender of cost for posting before replevin would lie for the property.  By analogy these cases seem to be in point.

In another case, the rule announced by this court is, "that the owner of property improperly impounded may recover the possession thereof from the person in whose possession it is found."  *City of Fort Smith* v. *Dodson,* 51 Ark. 447; *White* v. *Clarksville,* 75 Ark. 340; *Gregg* v. *Hatcher,* 94 Ark. 54.

(4-5)  The stock in the instant case were properly impounded.  The only question for determination is, did each of the appellants comply with the statutory requirements before he instituted replevin?  Our construction of section 1409 of Kirby's Digest is that where the owner and impounder in good faith differ as to what constitutes a reasonable fee for impounding, feeding and caring for the stock, or in reference to the amount of damages occasioned to crops by the trespass, the owner of the stock seized must request the secretary of the fencing board and the impounder to each appoint an appraiser to fix the fee as a prerequisite to the maintenance of the replevin suit. If, however, there is no *bona fide* dispute between them as to the reasonableness of the charges exacted or the amount tendered, then there is no necessity for an arbitration.  The exaction of a manifestly unreasonable and unjust amount by an impounder would have the effect of excluding him from the protection of the statute.

In the Flowers case, there is no affirmative showing that $5 was an arbitrary exaction by appellees.  The appellees may have been to a greater expense than $1 in catching the animal, and, it may be, that their crops were injured to the amount of $5, or more, by the horse; therefore, the judgment in that case is affirmed.

In the Nattee case, it appears by the undisputed evidence that two men impounded the animal in a short time,

and it affirmatively appears that no damage resulted to crops by reason of the trespass. It follows that the exaction of $5 by appellees for seizing the animal and holding her for fifteen or twenty minutes was manifestly unjust, unreasonable and arbitrary. No *bona fide* dispute existed between the parties as to a reasonable charge for seizing the animal. Appellant offered appellees more than they were entitled to under the undisputed evidence, and their retention of the animal thereafter was unlawful, and, for that reason, the replevin was the proper remedy.

The judgment in the Nattee case is, therefore, reversed and the cause remanded for a new trial.