GRIFFIN, Justice,
for the Court:
This case, concerning the admission of a will to probate, comes to the Court from the Chancery Court of Kemper County, which dismissed an action, contesting the will, pursuant to M.R.C.P. 12(b)(1) and 12(b)(6). We affirm.
On September 19,1969, Mary Belle Davis executed a writing, styled “Last Will and Testament.” Likewise, on June 16, 1973 and February 11, 1978, she' executed codicils to her will. On November 1, 1982, Davis died at age eighty-eight.
On January 24, 1983, Betty Eldridge, Kemper County Chancery Clerk, admitted the will and codicils to probate, signing the decree,
Edward C. Prisock
Chancellor
By: Betty Eldridge, Clerk.
Thereafter, Eldridge issued Letters Testamentary to Thomas L. Stennis, II. The chancery court was then in vacation.
On June 13, 1983, again in session, Chancellor Prisock entered an order, which stated,
This day came on for hearing by the Court the matter of approving the acts of the clerk in vacation since the last term of this Court, and it appearing that all are correct and legal and no objections and exceptions to the same or any part thereof have been filed:
It is, therefore, ordered, adjudged and decreed that all acts done and performed *799 by the Chancery Clerk of Kemper County, Mississippi since the last term of this Court be and the same are hereby ratified, approved and confirmed.
Done in open Court this 13th day of June, 1983.
On May 6, 1985, Linda Mattox Sims, Davis’ great-niece, and Henry E. Mattox, Davis’ great-nephew, brought suit against Thomas L. Stennis, individually and as the executor, and Hallie S. Stennis, both of whom inherited from Davis through her nephew, Sam Davis Stennis, Thomas’ father and Hallie’s husband. In this complaint, Sims and Mattox allege that Davis was mentally incompetent when making the will, which resulted from Sam Davis and Thomas Stennis’ undue influence.
On August 20, 1985, Chancellor Prisock dismissed the cause of action, pursuant to M.R.C.P. 12(b)(1) and 12(b)(6), finding it barred by Miss.Code Ann. § 91-7-23 (1972), which states,
Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered, (emphasis added)
Appellants argue that when the chancery clerk signed the chancellor’s name to the decree, it was void. In short, they maintain that the chancery clerk engaged in a judicial, not ministerial, act. Therefore, the will was not probated, and the statute of limitations did not run. The chancellor then was unable to ratify, later, an act which previously was null and void.
In fact, the chancery clerk was acting in accordance with constitutional and legislative provisions, when she admitted the will to probate. Miss. Const. Art. 6, § 168 states that the “Legislature shall provide by law what duties shall be performed during vacation by clerks of the circuit and chancery courts, subject to approval of the court.” Miss.Code Ann. § 9-5-141 (Supp. 1986), cataloging these duties, permits the clerk to “take the proof of wills, admit wills to probate, in common form, [and] grant letters testamentary....” This is consistent with the facts of this case.
Also, Miss.Code Ann. § 9-5-151 (Supp. 1986), reads,
The minutes so kept of proceedings in vacation or in term time shall constitute a record of the office and shall be carefully preserved as such, free from erasure or alteration; and, at the first term thereafter of the court, in the case of minutes in vacation, or in the case of minutes in term time before the clerk at that term or the first term thereafter, shall be examined by the court and if approved, shall thereby become the minutes of the court, as if entered at a term thereof; and all the orders and decrees entered in said minutes in vacation, shall, by such approval of the court, become final and be as valid and effectual as if done by the court when they were done by the clerk, (emphasis added)
Therefore, the chancellor’s order, ratifying the clerk’s actions, validated the decree, which admitted Davis’ will to probate.
Significantly, there is no legislative mandate concerning the format utilized by the chancery clerk when admitting a will to probate. There is then no single form which the chancery clerk must follow. Cf Miss.Code Ann. § 9-5-149 (Supp.1986). (Minutes of proceedings before clerk). In Davany v. Koon, 45 Miss. 71, 74 (1871), this Court stated,
“If an official act comes into question, the presumption is in favor of its propriety and validity, unless a departure from or violation of law is apparent on the face of the transaction.” Here, there was none. Sim *800 ilarly, 15A Am.Jur.2d Clerks of Court § 23 (1976) reads, “The mere fact that the clerk used superfluous words in filing papers would not render his acts void.”
Moreover, the appellants were not ignorant of their rights, prior to the statute of limitations’ expiration. Indeed, on August 10, 1983, Thomas L. Stennis wrote Melvin T. Sims, Jr., both Linda Mattox Sims’ husband and an attorney, regarding the estate. On October 10, 1983, Sims responded, stating, “I have contacted attorneys that I consider expert in this area, and all agree that there seems to be a real possibility for successful challenge.” Nevertheless, the appellants failed to file suit for an additional nineteen months. Importantly, equity aids the vigilant and not those who slumber on their rights. Southwest Mississippi Electric Power Association v. Harragill, 254 Miss. 460, 468, 182 So.2d 220, 223 (1966), Hoskins v. Howard, 214 Miss. 481, 497, 59 So.2d 263, 269 (1952). See also, V. Griffith, Mississippi Chancery Practice § 41 (1950) (“Those who are diligent find equity always ready to extend just aid, but the slothful are not favored.”).
Consequently, the Court finds the chancery clerk’s actions within the contemplation of § 9-5-141, and the appellants’ subsequent attempt to contest the will unseasonable.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.